IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RODNEY WAYNE HAMBLIN,

    Plaintiff,

v.                                                                    No. 1:26-cv-01069-JDB-tmp

SHANE HILL and RICKY HILL,

    Defendants.

ORDER DISMISSING CASE WITH PREJUDICE; CERTIFYING THAT AN APPEAL
WOULD NOT BE TAKEN IN GOOD FAITH; DENYING LEAVE TO PROCEED IN FORMA
PAUPERIS ON APPEAL; AND NOTIFYING PLAINTIFF OF THE APPELLATE FILING
FEE AND THE COURT'S STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g)

On March 30, 2026, Plaintiff, Rodney Wayne Hamblin, filed a pro se complaint pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) On April 16, 2026, the Court granted leave to proceed in forma pauperis and assessed the $350.00 filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915, et seq. (the "PLRA"). (D.E. 4.)

On June 4, 2026, the Court (1) dismissed the complaint in part with prejudice and in part without prejudice for failure to state a claim to relief, and (2) granted leave to amend the claims dismissed without prejudice within twenty-one days. (D.E. 5 (the "Screening Order") at PageID 30-31.) The Clerk mailed a copy of the Screening Order to Hamblin at his address of record. The Screening Order warned "[i]f Plaintiff fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice and enter judgment." (*Id.* at PageID 31.)

Hamblin's deadline to submit amended claims was June 25, 2026. He has not submitted amended claims or sought an extension of time to do so.

For these reasons, and for the reasons discussed in the Screening Order, the case is DISMISSED WITH PREJUDICE in its entirety. The Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021); (*see also* D.E. 5 at PageID 31 (warning Plaintiff that if he failed to amend his claims in a timely manner, the Court would dismiss the case, enter judgment, and recommend that the dismissal be treated as a strike under § 1915(g)).)

Judgment shall be entered in accordance with the Screening Order.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Hamblin would not be taken in good faith and that leave to proceed in forma pauperis on appeal is DENIED. If Hamblin nevertheless chooses to file a notice of appeal, Hamblin must either pay the entire $605 appellate filing fee, or if he is confined at that time, submit a new in forma pauperis affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. § 1915(a)-(b).

IT IS SO ORDERED this 20th day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

2